August Belmont Hotel Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 16382. Promulgated April 2, 1929.

*George Roscoe Davis, Esq.,* for the petitioner.
*I. R. Blaisdell, Esq.,* for the respondent.

OPINION.

LITTLETON: Upon the foregoing facts petitioner moves that judgment of no deficiency, by reason of the tolling of the statute of limitation, be entered in this proceeding.

There is another issue which goes to the merits of the tax to be heard and determined in the event this motion for judgment is not sustained.

The facts contained in the record are not sufficiently clear and specific to justify the Board in concluding that assessment and collection of the deficiency involved is barred by the statute of limitation. The facts are confusing and contradictory and leave considerable doubt whether the statute of limitation has barred the assessment and collection of the deficiency which the record shows the Commissioner has determined for the period May 1 to December 31, 1918. Statutes of limitations sought to be applied to bar the rights of the Government must receive a strict construction in favor of the Government. *Dupont de Nemours & Co.* v. *Davis*, 264 U. S. 456.

The petitioner claims the return filed was for the entire calendar year 1918 but the facts in the record are not clear enough to support this contention. The tentative return shows it was for the period January 1 to April 30, 1918. The final return shows the taxpayer's income reported was for the four months January 1 to April 30, 1918. The facts show that a sale of the assets of petitioner was made on May 29, 1918, for $3,800,000 "as of May 1, 1918." Without more, these facts would indicate that the return was one for only four months of the year 1918. We do not have the return before us and no explanation is made of the matter. There are other facts to the effect that "on June 14, 1918, petitioner filed its final return showing a total tax for the year 1918 of $1,504.92" and that in January, 1920, a revenue agent made his examination of the return for the year 1918 in the course of which examination the sale of the petitioner's assets in 1918 was investigated, that the taxpayer filed evidence with the Bureau of Internal Revenue which was accepted by the Bureau as to establishing that no profit was realized upon the sale of the assets, and as a result of certain adjustments in the income of the corporation from its operations up to the date of its sale of assets the petitioner was allowed refund of the total tax paid but these facts, standing alone, do not establish that assessment and col-

lection of the deficiency determined by the Commissioner is barred by the statute of limitation.

The motion for judgment is denied and the proceeding is restored to the calendar for hearing on the merits in due course.